IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| WADE CHARLES HEIDEN,<br><br>　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C12-3093-LRR<br>No. CR09-3040-LRR<br><br>ORDER |

This matter appears before the court on Wade Charles Heiden's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Wade Charles Heiden ("the movant") filed such motion on December 3, 2012. Also before the court is the movant's supplement (civil docket no. 2), filed on January 2, 2013, motion to add new ground (civil docket no. 7), filed on June 17, 2013, motion to add documents (civil docket no. 8), filed on June 20, 2013, and second motion to add new ground (civil docket no. 9), filed on July 30, 2013.[1]

With respect to the movant's desire to have the court consider additional documents, the court deems it appropriate to do so. Accordingly, the motion to add documents (civil docket no. 8) shall be granted. Concerning the supplement, motion to add new ground and second motion to add new ground, the court deems it appropriate to address the merits of the additional grounds that the movant raised even though some of them are untimely. *Cf. United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise

---

[1] No response from the government is required because the 28 U.S.C. § 2255 motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings.

untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment). Accordingly, the movant's motion to add new ground (civil docket no. 7) and second motion to add new ground (civil docket no. 9) shall be granted.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims

was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's claims are devoid of merit. As such, the court finds that there is no need for an evidentiary hearing.

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

In his amended motion, the movant complains that his constitutional right to due process, to counsel and/or to not be put in jeopardy twice were violated: (1) when a writ of habeas corpus ad prosequendum was improperly executed; (2) when an officer produced a false return; (3) when trial counsel permitted him to be sentenced to charges that were dismissed by the State of Iowa; (4) when he remained in federal custody after the State of Iowa dismissed nearly identical charges; and (5) when trial counsel failed to object to the weight of the drugs that were used for sentencing purposes. All of those assertions are belied by the record, which includes but is not limited to: the indictment (criminal docket no. 2), the arrest warrant (criminal docket no. 3), the application for a writ of habeas corpus ad prosequendum (criminal docket no. 5), the order granting the application for a writ of habeas corpus ad prosequendum (criminal docket no. 6), the arrest warrant returned executed (criminal docket no. 11), the information (criminal docket no. 22), the waiver of indictment (criminal docket no. 24), the notice of consent to entry of a plea of guilty (criminal docket no. 25), the report and recommendation to accept guilty plea

3

(criminal docket no. 29), the parties' plea agreement (criminal docket no. 31), the order accepting the report and recommendation (criminal docket no. 33), the pre-sentence investigation report (criminal docket no. 46), the sentencing memoranda (criminal docket nos. 48 & 49), the judgment (criminal docket no. 51) and the statement of reasons (criminal docket no. 52).

In light of the record, the court makes the following findings. First, the court finds that the movant knowingly and voluntarily pleaded guilty. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). Second, the movant's mistaken beliefs as to the facts and the law are not a valid basis to grant relief in this action. Third, the court finds that the conduct of trial counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and trial counsel's performance did not prejudice the movant's defense, *id*. at 692-94. And, lastly, the court finds that no sentencing error occurred because it appropriately considered the parties' sentencing agreement and all of the factors under 18 U.S.C. § 3553(a). *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)).

All of the movant's claims are devoid of merit. The movant pleaded guilty to the charge that was included in the information, not the indictment. In addition, the movant misunderstands the nature of federal proceedings and state proceedings. The government properly obtained custody of the movant, and it makes no difference whatsoever that the

State dismissed the charges that it had filed against the movant. Further, the movant entered into a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). As part of such plea agreement, the movant stipulated to a 120 month term of imprisonment and waived his right to file a collateral proceeding under 28 U.S.C. § 2255. Contrary to the movant's assertion, he was not subject to a mandatory minimum sentence and drug quantity did not determine the movant's sentence.

Based on the foregoing, the court finds that the denial of the movant's amended 28 U.S.C. § 2255 motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). Accordingly, the movant's amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied. Because the court's resolution of the movant's claims is not debatable or wrong, a certificate of appealability under 28 U.S.C. § 2253 shall not issue.

**IT IS THEREFORE ORDERED**:
(1) The movant's motion to add new ground (civil docket no. 7), motion to add documents (civil docket no. 8) and second motion to add new ground (civil docket no. 9) are granted.
(2) The movant's amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

(3) A certificate of appealability is denied.

**DATED** this 6th day of August, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA